THE STATE OF OHIO, APPELLEE, *v.* 3481 MAIN, INC., APPELLANT.
THE STATE OF OHIO, APPELLEE, *v.* TALL, APPELLANT.

(Nos. 80AP-928 and 955—Decided
February 24, 1981.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. J. Michael McGinley,* for appellants.

NORRIS, J. Case No. 80AP-928 is before us on the appeal of defendant-appellant corporation (3481 Main, Inc.) from a conviction in the Franklin County Municipal Court, on November 10, 1980, following the entry of a plea of no contest to a charge that it failed to make disclosures required in applying for a permit to sell intoxicating beverages.

In case No. 80AP-955, defendant-appellant Jasper W. Tall was charged under the same section of law for not having disclosed certain information. Although case No. 80AP-955 was dismissed by the trial court as part of a plea bargain arrangement between the corporate defendant and the state, Tall appeals from the trial court's overruling of his motion *in limine* to dismiss the case which had been grounded on the contention that the statute in question, R.C. 4303.293, was unconstitutional. The cases have been consolidated for our consideration.

After entering the plea of no contest in case No. 80AP-928 on behalf of the corporate defendant, counsel moved to dismiss the case against the corporate defendant on the ground that R.C. 4303.293 is unconstitutional. The trial court overruled the motion, found the corporate defendant guilty, and dismissed the charge against Jasper W. Tall in case No. 80AP-955.

R.C. 4303.293 reads as follows:

"(A) Any person making application concerning a permit to conduct a business for which a permit is required under Chapter 4303 of the Revised Code shall list on the application the name and address of *each person having a legal or beneficial ownership of the business,* including contracts for purchase on an installment basis. If any person is a corporation, the applicant shall list the names of each officer of the corporation and each person owning or controlling five per cent or more of the corporation; if any person is a partnership or association, the applicant shall list the names of each partner or member of the association. Any person having a legal or beneficial interest, other than a bank as defined in section 1101.01 of the Revised Code or a building and loan association as defined in section 1151.01 of the Revised Code, shall notify the department of liquor control of his interest in such ownership, including contracts for purchase on an installment basis, occurring after the application for, or the issuance of, the permit. Such notification shall be given within fifteen days of the change.

"(B) Whoever violates this section is guilty of a misdemeanor of the first degree." (Emphasis added.)

The complaint charging defendant corporation alleges that it "* * * did * * * make application concerning a D-5 permit to conduct a business for which a permit is required under [R.C.] Chapter 4303 * * * and fail[ed] to list on said application the name and address of Donald L. Wheeler, who had a legal beneficial or financial interest in such business contrary to * * * [R.C.] 4303.293 * * *."

Defendant corporation raises two assignments of error:

"1. The court erred in overruling appellant's motion to dismiss for the reason that Ohio Revised Code section 4303.293 is unconstitutional.

"2. The trial court erred as a matter of law in finding defendant-appellant corporation guilty on its no contest plea, when the complaint failed to state an offense."

In the second assignment of error, defendant corporation argues that, while its plea of no contest amounted to an admission of the truth of the allegations in the complaint, the facts alleged do not constitute an offense under R.C. 4303.293. We agree.

In order to have convicted the defendant corporation at trial, it would have been necessary for the state to prove that the defendant corporation failed to list on its application the name and address of each person having a legal or beneficial *ownership* of the business. By entering its plea of no contest, the defendant corporation admitted only that it had failed to list the name and address of a person who had a legal beneficial or financial *interest* in the business. See Crim. R. 11(B)(2). By common understanding, one's having an "interest" in a business amounts to one's having something less than "ownership" of a business.[1] Accordingly, even though the state, relying upon the defendant-corporation's admission, proved that the corporation had failed to list a person who had an *interest* in the business, the state did not prove that the defendant corporation failed to list a person who had *owner-ship* of the business. The state, then, failed to prove that the defendant corporation was guilty of an offense under R.C. 4303.293.

There is no necessity of our addressing the first assignment of error — in view of our sustaining the second assignment of error, any error committed by the trial court in overruling the motion to dismiss in case No. 80AP-928 was not prejudicial to the defendant corporation. Similarly, the court's ruling on a similar motion in case No. 80AP-955 was not prejudicial to defendant Jasper W. Tall since the trial court ultimately dismissed the charges lodged against him.

Accordingly, the first assignment of error is overruled; the second assignment of error is sustained; the appeal in case No. 80AP-955 is dismissed; and the judgment of conviction in case No. 80AP-928 is reversed and the cause is remanded for futher proceedings according to law and consistent with this decision.

*Judgment in case No.*
*80AP-928 reversed and*
*cause remanded.*
*Appeal in case No.*
*80AP-955 dismissed.*

WHITESIDE and McCORMAC, JJ., concur.

---

[1] See Black's Law Dictionary (4th Ed. 1951):

"[Interest.] * * * any right in the nature of property, but less than title; a partial or undivided right; a title to a share." *Id.,* at 950.

"Ownership. * * * The complete dominion, title, or proprietary right in a thing or claim. The entirety of the powers of use and disposal allowed by law. * * *" *Id.,* at 1260-1261.